**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,                         Case No. 11-20259

          Plaintiff,                         Honorable Arthur J. Tarnow
v.                                                Senior United States District Judge

JEAN-CLAUDE KODJO TOVIAVE,

          Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT, OR IN THE ALTERNATIVE FOR A NEW TRIAL [70]

### Introduction

Defendant Jean-Claude Kodjo Toviave moves for judgment notwithstanding the verdict or for a new trial, following a conviction by jury of four counts of forced labor in violation of 18 U.S.C. § 1589. For the reasons stated below, Defendant's Motion [70] is DENIED.

Beginning on October 22, 2012, a jury trial was held in which Defendant Jean-Claude Kodjo Toviave was tried for four counts of forced labor, and four counts of attempted forced labor. On October 30, 2012, the jury found Defendant guilty of four counts of forced labor in violation of 18 U.S.C. § 1589.

The Court granted Defendant's request for an extension of thirty-days to file a motion for acquittal or new trial, pursuant to Federal Rules of Criminal Procedure Rule 29 and Rule 33. On November 29, 2012, Defendant filed the instant Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for a New Trial [70].

### Motion for Judgement of Acquittal

Federal Rule of Criminal Procedure 29(c)(2) permits a court to set aside a verdict of guilty and to enter a judgment of acquittal. In doing so, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the

essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1978) (citing *Johnson v. Louisiana*, 406 U.S. 356, 362 (1972)) (emphasis in original); *see also United States v. Conatser*, 514 F.3d 508, 518 (6th Cir. 2008). If any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt, the motion must be denied. "All reasonable inferences must be drawn in favor of the jury's verdict." *Conaster*, 514 F.3d at 518. When evaluating the evidence in a Rule 29 motion, "the court must refrain from independently judging the credibility of witnesses or weight of the evidence." *United States v. Donaldson*, 52 F. App'x 700, 706 (6th Cir. 2002). "Circumstantial evidence may sustain a conviction so long as the totality of the evidence was substantial enough to establish guilty beyond a reasonable doubt." *Id.* (citing *United States v. Phibbs*, 999 F.2d 1053, 1064 (6th Cir. 1993)).

A defendant challenging the sufficiency of evidence under Rule 29, bears "a very heavy burden." *United States v. Prince*, 214 F.3d 740, 746 (6th Cir. 2000)(internal quotation marks and citations omitted). A judgement may be reversed based on insufficient evidence if, after viewing the record as a whole, the judgment is not supported by substantial and competent evidence. *Id.* (citations omitted).

In the instant Motion, Defendant argues that the jury verdict must be set aside because it was not supported by sufficient evidence. Specifically, Defendant contends that because the Government did not prove that Defendant received a financial benefit from the alleged forced labor, then the Government also failed to make a sufficient showing as to the first element of the forced labor offense: obtaining the labor and services of another.[1] Def. Mot. [70], at 4. Defendant's argument misreads the

---

[1]In its entirety, 18 U.S.C. § 1589 states:

   (a)  Whoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means--

    (1)  by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;

forced labor statute. In its first section, the statute states, "[w]hoever knowingly provides or obtains the labor or services of a person by any one of, or by any combination of, the following means." 18 U.S.C. § 1589(a). The statute then details four methods of providing or obtaining the relevant labor or service. *Id.* § 1589(a)(1)-(4). None of these methods make reference to an economic or financial benefit. Instead, the second section of the statute details a separate crime, and states, "[w]hoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a)." 18 U.S.C. § 1589(b). By arguing that the Government failed to meet its burden as to the element of financial benefit, Defendant has conflated the two separate crimes included in 18 U.S.C. § 1589. Standing alone, 18 U.S.C. § 1589(a) does not require a showing of financial benefit.

Moreover, as the Government notes in its Response [71], each of the four victims testified to specific tasks they completed including: cooking; cleaning their home as well as the home of another individual; babysitting; and packing. *See* Resp. [71], at 3-6. Defendant does not contest the sufficiency of evidence as to any of the methods of force used against the victims.

Taking all of the evidence together, viewed in the light most favorable to the Government and drawing all reasonable inferences in favor of the jury's verdict, a rational trier of fact could have found that the evidence establishes beyond a reasonable doubt that Defendant knowingly obtained the labor or services of the four victims.

---

(2)  by means of serious harm or threats of serious harm to that person or another person;
(3)  by means of the abuse or threatened abuse of law or legal process; or
(4)  by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint, shall be punished as provided under subsection (d).
(b)  Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means, shall be punished as provided in subsection (d).

**Motion for New Trial**

Upon motion by a defendant, Federal Rule of Criminal Procedure 33(a) allows the Court to vacate a judgment and grant a new trial if "the interest of justice so requires." Fed. R. Crim. P. 33(a). "The defendant bears the burden of proving the need for a new trial." *United States v. Turner*, 995 F.2d 1357, 1364 (6th Cir. 1993)(citations omitted). "In general, motions for a new trial are disfavored and should be granted with caution." *United States v. Slater*, 258 Fed. Appx. 810, 816 (6th Cir. 2007)(citations omitted).

Defendant argues that the Court must grant a new trial because portions of instructions given to the jury were either erroneous or unnecessary. "A trial court has broad discretion in crafting jury instructions and does not abuse its discretion unless the jury charge fails accurately to reflect the law." *United States v. Ross*, 502 F.3d 521, 527 (6th Cir. 2007)(internal quotation marks and citations omitted). A judgment may be reversed based upon an improper jury instruction "only if the instructions, viewed as a whole, were confusing, misleading, or prejudicial." *Id.* (citations omitted). In addition, "[a] trial court's refusal to give a requested jury instruction is reversible error only if the instruction is (1) correct, (2) not substantially covered by the actual jury charge, and (3) so important that failure to give it substantial impairs [the] defendant's defense." *United States v. Heath*, 525 F.3d 451, 456 (6th Cir. 2008)(internal quotation marks and citations omitted).

Prior to the close of trial, on October 29, 2012, the Court held a hearing to address the jury instructions disputed by the parties. Defendant objected to several pages of definitions contained within the Government's proposed jury instructions. *See* Resp. [71], at Ex. A, 8-13, 17. Defendant also provided proposed and alternative jury instructions. *See* Def. Mot. [70], at Ex. 1-2. Defendant's first argument in the instant motion renews these objections, asserting that the definitions are erroneous and a mere representation of the Government's theory of the case.

Defendant provides no explanation as to why the given instructions are incorrect. Further, there are no Sixth Circuit pattern jury instructions for the crime of forced labor. As such, the instructions are based upon controlling case law. Given the plain language of the actual jury instructions, the Court finds that the definitions were neither confusing nor misleading. Moreover, Defendant's proposed alternative jury instructions were merely a shortened version of the actual instructions. Therefore, the instructions provided to the jury substantially covered Defendant's proposed instructions, and there is no reversible error.

Secondly, Defendant argues that the instruction prohibiting the jury from considering a culture or religion based defense was unnecessary because Defendant did not present such a defense to the jury. At the same time, Defendant argues that the defense presented to the jury showed that Defendant's life experiences negated the requisite mens rea to have committed the crime. Specifically, Defendant contends that "the [D]efendant's entire life experiences in Togo. His culture. His upbringing. His previous life...frame his way of thinking and all that should be considered when it is important to determine the intent behind that individual's behavior." Def. Mot. [70], at 6. Defendant then argues that the instruction as to culture and religion "completely eviscerated" this defense. *Id.*

In articulating the defense presented at trial, Defendant has shown that the jury instruction prohibiting a cultural or religious based defense was in fact a necessary instruction. As the Sixth Circuit has noted, the law provides a "fixed prohibition, not a relative one," and Defendant's background does not provide a defense in this case. *United States v. Djoumessi*, 538 F.3d 547, 553 (6th Cir. 2008)(holding that subjecting a victim to "less wretched" conditions than she may have experienced in her home-country is not a defense to a charge of involuntary servitude).

Therefore, Defendant has failed to show that the interest of justice requires a new trial.

**Conclusion**

For the reasons stated above, **IT IS ORDERED** that Defendant's Motion for Judgment Notwithstanding the Verdict, or in the Alternative, for a New Trial [70] is **DENIED**.

      **SO ORDERED**.


          s/Arthur J. Tarnow
          ARTHUR J. TARNOW
          SENIOR U.S. DISTRICT JUDGE
Dated: February 7, 2013